| **Bankers Std. Ins. Co. v Bayport Constr.** |
| 2025 NY Slip Op 30363(U) |
| January 29, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 162231/2019 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**                    PART                    14

*Justice*

---------------------------------------------------------------------------------X

BANKERS STANDARD INSURANCE COMPANY,

INDEX NO.            162231/2019

Plaintiff,

MOTION DATE        01/27/2025

- v -

MOTION SEQ. NO.          001

BAYPORT CONSTRUCTION, LEGACY
BUILDERS/DEVELOPERS CORP.

**DECISION + ORDER ON
MOTION**

Defendant.

---------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 39, 40, 41, 42, 43, 44, 45

were read on this motion to/for                    VACATE/STRIKE - NOTE OF ISSUE          .

Defendant Bayport Construction ("Bayport")'s motion to vacate the note of issue is

granted without opposition as described below.

**Background**

In this subrogation action, plaintiff seeks recovery based on defendants' purportedly

negligent maintenance, service, and inspection of an apartment building roof in Brooklyn.

Plaintiff contends that a series of roof failures on or before January 11, 2017 caused significant

water damage that led to plaintiff paying over $650,000 in insurance claims.

Plaintiff then commenced this action in December 2019 and has proceeded to do next to

nothing to move this case. The parties eventually entered into a so-ordered preliminary

conference order in April 2023 with a judge previously assigned to this matter that required *inter

alia* depositions to be completed by July 28, 2023 (NYSCEF Doc. No. 28). The parties did

nothing except enter into another discovery stipulation dated August 1, 2023 so-ordered by the

judge then assigned to the case which demonstrated that no progress had occurred in the preceding months (NYSCEF Doc. No. 30). In fact, the August 2023 stipulation was identical to the April 2023 discovery order despite the fact that it included directives that the parties respond to discovery demands filed years prior (for instance, plaintiff was directed to respond to Bayport's discovery demand uploaded on May 18, 2020).

This case was then transferred to this part in January 2024 and this Court sent out a notice directing the parties to either file a note of issue (as the note of issue deadline had passed) or submit a discovery order a week prior to the next scheduled conference in February 2024 (NYSCEF Doc. No. 31). The parties ignored this too and did neither, and so the Court adjourned the February conference to May 2024 and, once again, directed the parties to upload a conference order a week prior to the next conference (NYSCEF Doc. No. 32). The Court emphasized that the failure to upload anything might result in an adjournment of the conference or a directive that the note of issue be filed (*id*.).

The parties ignored this order as well as the Court's subsequent orders in May 2024 (NYSCEF Doc. No. 33) and August 2024 (NYSCEF Doc. No. 35). Each time, the Court adjourned the upcoming conference. Finally, when the parties yet again ignored the Court prior to a November conference, the Court directed that a note of issue be filed by December 3, 2024 (NYSCEF Doc. No. 36). The Court observed in this notice that the parties had ignored four consecutive Court deadlines and so the Court assumed that the parties had completed discovery (*id*.).

Plaintiff then filed a note of issue on December 3, 2024 (NYSCEF Doc. No. 37). Curiously, the parties simultaneously filed a joint letter asking the Court to extend the note of

**162231/2019  BANKERS STANDARD INSURANCE vs. BAYPORT CONSTRUCTION**   **Page 2 of 4**
**Motion No.  001**

2 of 4

[* 2]

issue deadline to mid-April 2025 (NYSCEF Doc. No. 38). Of course, by then, a note of issue had already been filed and so this request was effectively moot.

Bayport then filed the instant motion to strike the note of issue. It observes that it is still waiting for a response to a demand it served on co-defendant Legacy Builders and that not a single party deposition has occurred. Bayport speculates that a change in plaintiff's counsel in July 2024 delayed completion of discovery (which of course ignores years of prior inaction).

**Discussion**

The Court is absolutely flummoxed by the moving papers. It seems that no party to this action has any interest in moving this case. The parties seem content to ensure this case takes a decade to resolve. Despite this Court's many warnings, the parties flat out ignored the Court's deadlines to upload discovery updates and, most concerningly, the papers are completely silent as to the reasons for abandoning this case. The affirmation in support recounts, in detail, each of the Court's discovery orders (NYSCEF Doc. No. 41 at 4-5). But Bayport did not explain why it did not reach out to the Court itself in advance of the numerous conferences scheduled by this Court or file a motion for the discovery it claims has been pending for years.

The plaintiff did not even offer opposition or a response to this motion and so the Court must grant the motion, but only to the extent that the note of issue is stricken. Bayport's request that the Court "direct that all outstanding discovery responses and depositions be completed" is denied. The parties entered into two identical discovery stipulations way back in 2023 that they wholly ignored and then they ignored this Court for almost an entire year. Obviously, so-ordering discovery stipulations and setting deadlines have not motivated the parties to push this case towards a resolution. Therefore, the Court will set a new note of issue date for December

**162231/2019   BANKERS STANDARD INSURANCE vs. BAYPORT CONSTRUCTION**                  **Page 3 of 4**
**Motion No.  001**

[* 3]

10, 2025. That should absolutely be enough time for the parties to complete discovery; no extensions of this deadline will be granted absent a showing of extraordinary circumstances.

Accordingly, it is hereby

ORDERED that the motion to vacate the note of issue is granted only to the extent that the note of issue is vacated and the case is stricken from the trial calendar; and it is further

ORDERED that, within 15 days from the entry of this order, movant shall serve a copy of this order with notice of entry on all parties and upon the Clerk of the General Clerk's Office, who is hereby directed to strike the case from the trial calendar and make all required notations thereof in the records of the court; and it is further

ORDERED that such upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

A new note of issue must be filed by December 10, 2025.

| | 1/29/2025 | | | | | |
|---|---|---|---|---|---|---|
| | **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**162231/2019   BANKERS STANDARD INSURANCE vs. BAYPORT CONSTRUCTION**   **Page 4 of 4**
**Motion No.  001**

4 of 4

[* 4]